```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

GEORGE CONNER                          CIVIL ACTION

VERSUS                                 NO: 07-5854

PROCTOR FINANCIAL INSURANCE            SECTION: "A" (5)
CORP., PROCTOR FINANCIAL,
INC.
```

### ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment Pursuant to Federal Rule of Procedure Article 56(c) (Rec. Doc. 5)** filed by defendant Proctor Financial, Inc. (formerly known as Proctor Financial Insurance Corp. ) ("Proctor"). Plaintiff, George Conner, opposes the motion. The motion, set for hearing on November 14, 2007, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

### I. BACKGROUND

George Conner ("Plaintiff") filed this lawsuit to recover for wind-related damages sustained during Hurricane Katrina to his property located in Marrero, Louisiana. The property was

insured by a policy issued by Underwriters at Lloyd's, London. The sole insured on that policy is Novastar Financial, the mortgage holder on Plaintiff's property. Novastar procured the policy using Proctor as its broker after Plaintiff failed to provide Novastar with proof of coverage as required by the mortgage agreement. The premium payments were paid from Plaintiff's escrow account but it is undisputed that Plaintiff had no involvement in obtaining the Lloyd's policy.

Proctor, the sole defendant in this case, moves for summary judgment arguing that Plaintiff cannot maintain this suit because he is not an insured on the policy and further that Proctor owed him no legal duties.

## II.  DISCUSSION

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248).  The court must draw all

justifiable inferences in favor of the non-moving party. <u>Id.</u> (citing <u>Anderson</u>, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. <u>Id.</u> (citing Fed. R. Civ. P. 56(e); <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. <u>Id.</u> (citing <u>SEC v. Recile</u>, 10 F.3d 1093, 1097 (5th Cir. 1993)).

    Plaintiff filed this lawsuit to recover policy proceeds from Proctor and statutory penalties under Louisiana law based on Proctor's alleged failure to properly adjust his claim. The record is clear, however, that the sole insured on the policy at issue is the mortgage-holder Novastar Financial. Plaintiff is not even named as an additional insured on the policy. (Def. Exh. 1A-1). Moreover, the insurer is Lloyd's and not Proctor. Thus, Plaintiff has no right of action to pursue Proctor for recovery under the policy and for statutory penalties. Further, Plaintiff has offered nothing to dispute Proctor's evidence which demonstrates that Plaintiff had no dealings with Proctor

whatsoever.  Rather, Novastar Financial contacted Proctor to obtain the Lloyd's policy.  Proctor is entitled to judgment as a matter of law.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment Pursuant to Federal Rule of Procedure Article 56(c) (Rec. Doc. 5)** filed by defendant Proctor Financial, Inc. is **GRANTED.**

November 16, 2007

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

4